IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN KEVIN KOTHMANN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0128-M |
| | § | |
| TEXAS BOARD OF PARDONS AND PAROLES, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by John Kevin Kothmann, an inmate in the TDCJ-ID, against the Texas Board of Pardons and Parole and various parole officials. On January 19, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the questionnaire on February 6, 2006. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Plaintiff was twice released to mandatory supervision after serving part of a 10-year sentence for an unspecified criminal offense. Both times his mandatory supervision was revoked for technical violations and petitioner was returned to custody without credit on his sentence for the time spent on release. Plaintiff also lost accumulated work and good time credits. In this action, plaintiff seeks money damages, injunctive relief, and immediate release from custody due to the wrongful actions of parole officials in revoking his mandatory supervision and calculating his sentence credits.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

A party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000). This rule applies to parole revocations and claims involving the denial of sentence credits. *See Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997) (*Heck* bars civil rights claims based on deprivation of good-time credits); *Rogers v. Department of Corrections*, 263 F.3d 163 (5th Cir. 2001) (same as to parole revocations). The record clearly indicates that no court has ever invalidated the revocation of plaintiff's mandatory supervision or the denial of sentence credits. (*See Spears* Quest. #1). Plaintiff is therefore precluded from maintaining a civil rights action under 42 U.S.C. § 1983.

C.

To the extent plaintiff seeks an injunction ordering his immediate release from confinement, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254.[2]

---

[2] In *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court held that prisoners could challenge the constitutionality of state parole procedures in a civil rights action seeking declaratory and injunctive relief under 42 U.S.C. § 1983 without satisfying the requirements of *Heck*. However, unlike the prisoners in *Wilkinson*, plaintiff does not challenge the constitutionality of the Texas parole procedures. Nor does he seek a declaratory judgment or an injunction that would require the state to give him a new revocation hearing under different procedures or to comply with constitutional due process in the future. *See Wilkinson*, 125 S.Ct. at 1245. Rather, plaintiff seeks an injunction that will result in his immediate release from custody, as well as money damages, due to the revocation of his mandatory supervision. Such claims must be presented in an application for writ of habeas corpus.

*See Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). A federal court may not grant habeas relief unless a petitioner fully exhausts available state remedies. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Although petitioner challenged the revocation of his mandatory supervision and the denial of sentence credits in two different state writs of habeas corpus, both writs were dismissed for failure to comply with section 501.0081 of the Texas Government Code. *See Ex parte Kothmann*, Nos. 56,222-01 & 56,222-02 (Tex. Crim. App. Jul. 16, 2003). That statute provides:

> (a)   The [TDCJ] shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
> (b)   Except as provided by Subsection (c), an inmate may not in an application for writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
> >   (1)   the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

---

*See Kennedy v. State of Texas Pardons and Paroles*, No. 04-10428, 136 Fed. Appx. 712 (5th Cir. Jun. 29, 2005).

>   (2)   if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.
>
>   (c)   Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge . . .

TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). *See also Ex parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000). Because plaintiff has not complied with the requirements of section 501.0081, he has not satisfied the exhaustion requirement. *See Sandlin v. Cockrell*, No. 3-02-CV-1216-L, 2002 WL 31455511 at *2 (N.D. Tex. Oct. 31, 2002) (Kaplan, J.).

### **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 9, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE